IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EMMANUEL W. PAH,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

CIVIL ACTION NO.

1:12-cv-4071-JEC

## ORDER AND OPINION

This action is before the Court on defendant's Motion for Summary Judgment [13] and plaintiff's Motion to Remand [16]. The Court has reviewed the record and the arguments of the parties and, for the foregoing reasons, the Court **GRANTS** defendant's Motion for Summary Judgment [13] and **DENIES** plaintiff's Motion to Remand [16].

## BACKGROUND

This action arises out of the alleged wrongful foreclosure of plaintiff's residence at 1637 Heyford Circle in Kennesaw, Georgia. (Compl. [1] at ¶ 1.) Plaintiff purchased the home in June, 2002, with financing from Washington Mutual Bank. (*Id.* at ¶¶ 6-7.) Defendant serviced and was assigned the Note evidencing the debt on the residence. (*Id.* at ¶ 8.) The Deed to secure the debt was held by Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the bank. (*Id.* at ¶ 7.)

AO 72A
(Rev.8/82)

Plaintiff apparently defaulted on his mortgage sometime in 2010 or early 2011.  (*Id.* at ¶ 19.)  Defendant initiated foreclosure proceedings and purchased the residence for $92,000 at a foreclosure sale held in February, 2012.  (Compl. [1] at ¶ 25.)  A Deed evidencing the sale and transferring ownership of the residence to defendant was recorded in Cobb County in April, 2012.  (*Id.* at ¶ 8.)

Plaintiff subsequently filed this action in Cobb County, alleging wrongful foreclosure and seeking damages as well as rescission of the sale.  (*Id.* at 21.)  Defendant removed the action on the basis of diversity jurisdiction, and then moved for summary judgment.  (Notice of Removal [1] at 2.)  The Court ordered plaintiff to respond to the summary judgment motion by February 10, 2014, specifically warning plaintiff that no extensions would be granted and that a failure to respond would indicate that there is no opposition to the motion.  (Order [21].)  Plaintiff failed to respond to the summary judgment motion, but did in the interim move to remand the case.  (Pl.'s Mot. to Remand [16].)  The motion to remand and the motion for summary judgment are now before the Court.

## DISCUSSION

### I. PLAINTIFF'S MOTION TO REMAND

Pursuant to 28 U.S.C. § 1441, an action may be removed from state court if "the district courts of the United States have original jurisdiction" over the action.  28 U.S.C. § 1441(a).

2

Original jurisdiction can arise from a federal question or diversity of citizenship. 28 U.S.C. §§ 1331 and 1332(a). Defendant relies on diversity jurisdiction under § 1332(a). (Notice of Removal [1].)

Section 1332(a) provides for diversity jurisdiction in cases where the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Defendant has demonstrated, and plaintiff apparently concedes, that the parties to this action are citizens of different states. (*Id.* at ¶ 7 and Pl.'s Mot. to Remand [16].) However, plaintiff contends that defendant has not met its burden of showing that the amount in controversy exceeds $75,000. (Pl.'s Mot. to Remand [16] at 5-6.)

To determine the amount in controversy, the Court considers the complaint and the notice of removal. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). The complaint does not make a specific monetary demand. (Compl. [1] and Pl.'s Mot. to Remand [16] at 2.) Nevertheless, it is clear from claims asserted in the complaint and from undisputed information in the notice of removal concerning the value of the residence that plaintiff is demanding an amount in excess of $75,000.

In the complaint, plaintiff seeks an order rescinding the foreclosure sale through which defendant acquired ownership of the residence. (Compl. [1] at 21.) In other words, plaintiff seeks

3

injunctive relief to divest defendant of its title to and interest in the residence. In such cases, the appropriate measure of the amount in controversy is the value of the property at issue. *See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)(in a suit for declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation") and *Ra'oof v. U.S. Bank,* Civil Action No. 1:10-cv-3347-RWS, 2010 WL 4975496, at *1 (N.D. Ga. Dec. 1, 2010)(Story, J.)(in a suit brought to quiet title to land, the value of the property is the measure of the amount in controversy). Defendant presents unopposed evidence that the residence is worth at least the $92,000 that defendant paid for the property at the foreclosure sale. (Notice of Removal [1] at 6.) Alternatively, the Cobb County Georgia Assessor's Office has appraised the value of the residence as $109,000. (*Id.*)

In support of his motion to remand, plaintiff cites three recent cases in this district that purportedly support his argument concerning the amount in controversy. (Pl.'s Mot. to Remand [16] at 3-4.) These cases are distinguishable because none of them involved a request to set aside a foreclosure sale of property valued at more than $75,000. *See Kelley v. Nationstar Mortg., LLC,* 1:12-cv-288-AT (N.D. Ga., Jul. 18, 2012), *Kurdi v. Bank of Am., N.A.,* 1:12-cv-2887-WSD (N.D. Ga., Nov. 19, 2012), and *Mosure v. BAC Home Loans Serv.,*

4

*LP,* 1:12-cv-2798-CC (N.D. Ga., Aug. 5, 2013). That distinction is important. In all of the cited cases, the judges indicated that the outcome would be different if the plaintiff was seeking to enjoin or set aside a foreclosure sale of property worth more than $75,000.

Plaintiff also offhandedly suggests that he "no longer seeks rescission." (Pl.'s Mot. to Remand [16] at 5.) But as defendant points out, plaintiff has not amended his complaint to remove his initial request. And in any event, the amount in controversy is measured at the time of removal. *The Burt Co. v. Clarendon Nat'l Ins. Co.*, 385 Fed. App'x 892, 894 (11th Cir. 2010). Post-removal amendments to remove certain claims do not divest the court of jurisdiction. *Id.*

Based on the uncontested evidence provided in the notice of removal and the claims asserted in the complaint, both the diversity and the amount in controversy requirements of § 1332(a) are met in this case. (Notice of Removal [1] and Compl. [1].) Accordingly, the Court **DENIES** plaintiff's Motion to Remand [16].

II. **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

As noted above, the Court expressly ordered plaintiff to respond to defendant's motion for summary judgment and warned plaintiff that his failure to respond would indicate that there is no opposition to the motion. (Order [21].) In spite of the Court's order and warning, plaintiff still has not responded to the motion. The Court

5

therefore **GRANTS** defendant's motion for summary judgment [13] as unopposed.

The Court also notes that summary judgment is warranted on the merits. Plaintiff does not present any evidence to support his fraud, bad faith, breach of duty or promissory estoppel claims. *See Johnston v. Correale*, 272 Ga. App. 502, 504 (2005)(setting out the elements of fraud and misrepresentation under Georgia law) and *Pabian Outdoor-Aiken, Inc. v. Dockery*, 253 Ga. App. 729, 730-31 (2002) (promissory estoppel). The unopposed evidence presented by defendant demonstrates that the foreclosure was authorized and that it was conducted in compliance with Georgia law. *See You v. JPMorgan Chase Bank, N.A.*, 293 Ga. 67 (2013) and O.C.G.A. §§ 44-14-160 through 162.4. For these additional reasons, the Court **GRANTS** the summary judgment motion [13] on its merits.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's Motion to Remand [16] and **GRANTS** defendant's Motion for Summary Judgment [13]. The clerk is directed to **CLOSE** this case.

SO ORDERED, this 29th day of APRIL, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

6